UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIA COCOANGO

                                           Plaintiff,

                   -against-

                                                                        **COMPLAINT
                                                                         AND DEMAND FOR
                                                                         JURY TRIAL**

CITY OF NEW YORK; and individually and in their
official capacity as New York City Police Officer
CHRIS COOLEY (Shield No. 13166),
and Police Officer JOHN DOE

                                            Defendants.
------------------------------------------------------------------------x

        Plaintiff Maria Cocoango, by her attorney, the Urban Justice Center, complaining of defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

## JURISDICTION

    2.    This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

    3.    Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

## VENUE

1

4. Venue is properly laid in the Southern District of New York under 28 USC § 1391(b) because the defendants reside in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Maria Cocoango is a 45 year-old resident of New York, New York, and a licensed New York City mobile food vendor.

7. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.

8. Defendant Police Officer Chris Cooley is sued in his individual and official capacity. He was at all times relevant to this action a police officer employed by the City of New York, acting within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

9. Defendant Police Officer John Doe is sued in his individual and official capacity as a New York City police officer and acted within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

10. Plaintiff is a licensed mobile food vendor who sells different types of sweets in Queens. Plaintiff has been a vendor for approximately eight years. She came to the United States from Ecuador approximately eighteen years ago and lives in Queens with her husband.

11. Plaintiff sells sweets near the intersection of Warren Street and Roosevelt Avenue in Queens.

12. On March 2, 2014 Plaintiff arrived at Warren Street and Roosevelt Avenue at approximately 12 P.M and began vending sweets. At approximately 4 P.M. Defendant Cooley approached Plaintiff and demanded that Plaintiff produce her mobile food vending license. Plaintiff gave Defendant Cooley her valid mobile food vendor license issued by the New York City Department of Health & Mental Hygiene.

13. Defendant Cooley left Plaintiff for a few moments, then returned to Plaintiff and began speaking to her in English.

14. Plaintiff is a native Spanish speaker and did not understand Defendant Cooley. Plaintiff asked a nearby vendor who understands English to translate what Defendant Cooley was saying. The vendor translated that Defendant Cooley was stating that Plaintiff's mobile food vending license was fraudulent. He then asked Plaintiff to produce another form of identification.

15. Plaintiff explained that she only carries her mobile food vending license with her when she is working and was therefore unable to produce another form of identification. Defendant Cooley then handcuffed plaintiff, put her in a police van, and drove her to the 115th Precinct.

16. Plaintiff was brought into a room where she met Officer John Doe, a fluent Spanish speaker, who began to question Plaintiff. He repeatedly asked her where she got her mobile food vending license and claimed that it was falsified. Plaintiff repeatedly told Defendant John Doe that she got her license from the New York City Licensing Center ("Licensing Center") located at 42 Broadway, 5th Floor New York, NY 10013. Plaintiff remained handcuffed throughout this period of questioning.

17. Plaintiff reiterated that the license was valid. Defendants spoke amongst themselves for a few moments before Defendant John Doe told Plaintiff that she could be honest with him about where she obtained her mobile food vending license. Again, Plaintiff explained that it was issued by the Department of Health & Mental Hygiene at the Licensing Center located at 42 Broadway.

18. Plaintiff was then taken out of handcuffs and placed in a cell. After approximately 20 minutes, Plaintiff was once again brought into a room where Defendant John Doe asked her where she got her license from. Defendant John Doe at one point said that it would be the last time he asked Plaintiff where she got the license from and that if she did not respond truthfully she would have a "big problem."

19. Defendant John Doe told Plaintiff that she would be taken to the Queens County Criminal Court and was placed back in the holding cell. At approximately 11 PM Plaintiff was taken to Queens County Criminal Court where she remained overnight.

20. At approximately 9 AM on March 3, 2014 Plaintiff met with her criminal defense attorney who explained to Plaintiff that she had been charged with violating Section 170.20 of the New York Penal Code, a charge of criminal possession of a forged instrument in the third degree. Plaintiff went before a judge at approximately 11 AM. The criminal charges against Plaintiff were adjourned in contemplation of dismissal.

21. Plaintiff did not possess a forged instrument. Plaintiff was the holder of a current and valid mobile food vendor license issued by the New York City Department of Health & Mental Hygiene.

22. On March 3, 2014 Plaintiff went to the Licensing Center at 42 Broadway to apply for a replacement license. On March 5, 2014 she returned to the Licensing Center to pick up the replacement.

23. Upon information and belief, during the last two years the New York City Department of Health & Mental Hygiene has changed the appearance of mobile food vending licenses it issues by, for example, changing the logo, adding a bar code below the photo, and removing the licensee's signature.

24. Upon information and belief, the City of New York failed to properly notify and train its employees, including police officers and Defendant officers, of the change in appearance of the mobile food vending licenses it issues. This failure caused the Plaintiff to be deprived of her constitutional rights.

25. Defendant police officers arrested Plaintiff without probable cause.

26. Plaintiff was held in custody overnight.

27. The Defendant Officers knew or should have known that they had no right to arrest Plaintiff.

28. The arrest of Plaintiff was performed under color of law, within the scope of the Defendant Officers employment and authority, and for whose acts the Defendant City is liable under the theory of *respondeat superior*.

29. The arrest of Plaintiff violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, and was the direct and proximate cause of her damages.

30. The actions of the Defendant Officers were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

31. As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her rights under the Fourth, Fifth, and Fourteenth Amendment of the U.S. Constitution; and

    b. economic damages including loss of income.

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNLAWFUL ARREST

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

33. Defendant Officers unlawfully arrested Plaintiff, intended to confine her, and confined her without probable cause to believe that Plaintiff had committed any offense or violated the law.

34. Plaintiff was aware of her confinement as she was held in custody on March 2, 2014 at approximately 4:00 P.M. until approximately 12 P.M. on March 3, 2014 without her consent or any reasonable justification.

### COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

35. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

36. By their conduct, under color of law, defendants deprived Plaintiff of her property without due process of law.

### COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

37.  Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

38.  By their conduct, under color of law, defendants denied Plaintiff her right to due process by arresting her for arbitrary or irrational reasons.

### COUNT IV – 42 USC § 1983 – MONELL CLAIM

39.  Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth in full.

40.  New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of licensed street vendors selling at lawful locations, which caused the violation of Plaintiff's rights.

41.  It was the policy and custom of the City to train, supervise and discipline officers, including the defendant officers, inadequately with respect to laws surrounding licensed street vendors, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

42.  As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which she suffered damages.

WHEREFORE, plaintiff requests the following relief jointly and severally as against all the defendants:

1.  Award compensatory damages in an amount to be determined at trial;
2.  Award punitive damages in an amount to be determined at trial;
3.  Disbursements, costs, and attorneys' fees; and
4.  For such other and further relief as this Court may seem deem just and proper.

Dated:   New York, New York
         April 8, 2014

Respectfully submitted,

_____
SEAN BASINSKI / SB3597
Urban Justice Center
*Attorneys for Plaintiff*
123 William Street, 16th Floor
New York, NY 10038
(646) 602-5679 phone
(212) 533-4598 fax

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _Maria Natividad Namo Cacoango_, Date of Birth _09/15/1968_, SS# _997-77-708_ pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York</u> v. _Maria Cacoango_, Docket No. or Indictment No. _2014QN011879_, in _Criminal_ Court, County of _Queens_, State of New York, relating to my arrest on or about _03/02/2014_, may be made available for use in Civil Action _Maria Cacoango v City of New York, et al_ (S.D.N.Y.).

    I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

    I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

    The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

    I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_Maria Namo-Cacoango_
SIGNATURE

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF            )

On this _17_ day of _March_, 201_4_, before me personally came _Maria Cacoango_, to me known and known to me to be the individual described in and who executed the foregoing instrument, and _who_ acknowledged to me that _he_ executed the same.

_Archana Dittakavi_
NOTARY PUBLIC

**ARCHANA DITTAKAVI**
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DI6275816
Qualified in Kings County
My Commission Expires February 04, 2017

May 18, 2011